IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

                 ORDER

            Plaintiff,

v.                                   12-cv-497-wmc

EDWARD WALL, *et al.*,

            Defendants.

---

Plaintiff Terrance J. Shaw filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Oshkosh Correctional Institution ("OSCI"). On October 16, 2013, the court granted Shaw leave to proceed with his claim that two supervisory officials (Director Edward Wall and Unit Manager Matthew Jones) have instituted or enforced a policy that denies Shaw access to the prison canteen in violation of the Rehabilitation Act. (Dkt. # 15). The court also granted Shaw leave to proceed with his claim that a social worker (Jim Messing) and two supervisory officials (Jones and Unit Manager Debby Loker) retaliated against him for filing grievances about the prison canteen policy and violated his First Amendment right to free speech. Finally, the court granted Shaw leave to proceed with a claim that he was convicted of false disciplinary charges lodged by a prison librarian (Kimberly Metzen) in retaliation for a complaint about library policies.

There are several pending motions in this case, which is set for a pretrial conference on January 17, 2013. First, Shaw has filed two motions seeking "appointment of counsel" to assist him in this case and an injunction against prison officials from transferring him to another facility. (Dkts. # 16, # 19). Second, noting that the claims against Metzen are unrelated to those against Wall, Jones, Messing and Loker, defendants have filed a motion to alter or amend the screening order entered on October 16, 2013, because the claims and

defendants are improperly joined for purposes of Fed. R. Civ. P. 18 and 20. (Dkt. # 21). Finally, Shaw requests an extension of time to respond to defendants' motion to alter or amend the screening order. (Dkt. #23).

I.  Plaintiff's Motion to Appoint Counsel

In contrast to indigent criminal defendants, civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The most a court can do is determine whether it should make an attempt to locate counsel who is willing to take plaintiff's case *pro bono*. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray*, 706 F.3d at 867.

Before deciding whether it is necessary to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, a plaintiff must give the court the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down.

2

*Id.*  Shaw has not met this threshold requirement.  Until he has done this, his motion for assistance in recruiting counsel is premature.

Shaw may renew his motion later, however, because the court is denying it without prejudice.  Once Shaw has taken the initial step of seeking counsel on his own, as required by *Jackson*, he may ask the court to reconsider this decision.  If he does so, he should be sure to provide the names and addresses of at least three attorneys whom he has contacted and who have declined to assist him, as well as any additional information that will help the court determine whether the difficulty of his case exceeds his capacity to litigate it on his own.

II.   **Plaintiff's Motion for a Preliminary Injunction**

Shaw also asks the court to grant him a preliminary injunction preventing prison officials from transferring him to another unit in retaliation for filing this lawsuit.  That request must be denied because Shaw does not comply with this court's procedures for motions seeking injunctive relief, a copy of which will be provided to Shaw along with this order.  Alternatively, Shaw fails to meet the threshold requirements for injunctive relief for reasons set forth briefly below.

A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 389 (7th Cir. 1984).  To prevail on a motion for a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits of his case, (2) a lack of an adequate remedy at law, and (3) an irreparable harm that will result if the

injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). If he meets the first three requirements, then the court will balance the relative harms that could be caused to either party. *Id.* Additionally, a plaintiff must have standing to seek a preliminary injunction. Such standing "must be premised upon more than hypothetical speculation and conjecture that harm will occur in the future." *Palmer v. City of Chicago*, 755 F.2d 560, 571 (7th Cir. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

Shaw does not attempt to meet any of the prerequisites for preliminary injunctive relief. *See Lambert*, 498 F.3d at 451. As importantly, Shaw does not allege facts showing that the risk of transfer is more than mere speculation at this time. Accordingly, his motion for a preliminary injunction will be denied.

III. Defendants' Motion to Alter or Amend the Screening Order

Defendants ask the court to alter or amend the screening order by dismissing without prejudice the retaliation claim lodged by Shaw against librarian Kimberly Metzen. To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Defendants note that the claim against Metzen is completely unrelated to Shaw's complaints about the prison canteen policy, which arguably forms the basis for his claims against Wall, Jones, Loker and Messing. Defendants contend, therefore, that the claim involving Metzen was improperly joined.

As defendants correctly note, the federal pleading rules do not allow joinder of claims against multiple defendants that do not stem from a single transaction.

4

Specifically, a plaintiff may only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). As a corollary, a plaintiff is only allowed the joinder of several defendants if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a).

The Seventh Circuit has emphasized that "unrelated claims against different defendants belong in different suits" and that federal joinder rules apply to prisoners just as to other litigants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Because the claim against Metzen is unrelated to the claims filed against the other defendants, the federal pleading rules found in Fed. R. Civ. P. 18(a) and 20(a) preclude joinder here. Therefore, the court will grant defendants' motion under Fed. R. Civ. P. 59(e) and amend the screening order accordingly to withdraw leave to proceed with that claim in this case.

The court notes that Shaw opposes defendants' motion and that he has requested an extension of time to respond, among other things. Because the claim against Metzen has already survived screening pursuant to 28 U.S.C. § 1915A, the court will not dismiss the claim against her. Instead, so that Shaw may proceed with his claim against Metzen if he wishes to do so, the court will sever that claim from this case and will instruct the clerk's office to re-file it as a separate lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance J. Shaw's motions for appointment of counsel and for an injunction against a unit transfer (Dkts. # 16, # 19) are DENIED.

2. Defendants' motion to alter or amend (Dkt. # 21) is GRANTED. The screening order entered on October 16, 2013 (Dkt. # 15) is AMENDED to deny Shaw's request for leave to proceed with a retaliation claim against defendant Kimberly Metzen, which is SEVERED from this case.

3. The clerk's office is directed to re-file Shaw's complaint against Metzen, along with a copy of the screening order (Dkt. # 15) and this order, as separate, new civil action.

4. The new case number assigned to Shaw's complaint against Metzen is 13-cv-847-wmc. Within **twenty (20) days** of the date of this order, Shaw must file a written advisory stating whether he wishes to proceed with his claims against Metzen in this new case. **If Shaw fails to comply as directed the court will dismiss Case No. 13-cv-847 without further notice pursuant to Fed. R. Civ. P. 41(b).**

5. Shaw's motion for an extension of time to respond to defendants' motion under Fed. R. Civ. P. 59(e) (Dkt. # 23) is MOOT.

Entered this 11th day of December, 2013.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

6