IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

                Plaintiff,                          ORDER

    v.

                                                  13-cv-847-wmc

KIMBERLY METZEN,

                Defendant.

---

      Plaintiff Terrance Shaw has filed a motion to modify payment of his filing fees to exempt his Veteran Administration disability compensation that he receives in his inmate account from collection under 28 U.S.C. § 1915(b)(2).  Because plaintiff is a prisoner and filed a lawsuit in this court, under the Prisoner Litigation Reform Act, the institution is taking 20% of his income for the filing fee in this case.  In the alternative, plaintiff also requests that the court use his release account funds to pay the remaining balance of his filing fee.  Plaintiff's motion will be denied.

      The statute governing the collection of fees in his case, 28 U.S.C. § 1915(b)(2) does not permit exemption of any part of the plaintiff's income from withholding.  Moreover, in *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit ruled expressly that the word "income" in § 1915(b)(2) means more than "earned income."  Congress did not define the term "income" in § 1915(b), but it used several related terms: "income," "deposits," and "amount in the account."  These seem to be used as synonyms, which implies that "income" means "all deposits."  A prisoner therefore "shall forward 20% of whatever sums enter a prison trust account, disregarding the source.  That some of his deposits come from disability compensation does not shelter them from § 1915(b)(2).  Accordingly, I have no discretion to grant plaintiff's request for an order exempting his disability compensation from

collection to pay the filing fees he incurred in this case.

Turning to plaintiff's alternative motion to use his release account funds to pay the remainder of his filing fee in this case, plaintiff is reminded that he was advised in an order entered on June 27, 2014 in this case that he cannot use his release account funds in the manner that he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds to pay the remaining balance of the $350 filing fee, his motion will be denied.

ORDER

IT IS ORDERED that plaintiff's motion to modify payment of his filing fee or to use his release account funds to pay the remainder of his filing fee in this case (Dkt. #19) is DENIED.

Entered this 15th day of October, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge