IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

                    Plaintiff,                        ORDER

    v.

                                                  13-cv-847-wmc

KIMBERLY METZEN,

                    Defendant.

---

In this *pro se* litigation, the court previously entered summary judgment in favor of the defendant Kimberly Metzen, a former prison librarian.  (Dkt. #72.)  In entering judgment, the court found that plaintiff Terrance J. Shaw had failed to come forward with evidence that Metzen violated his First Amendment rights in retaliation for his making certain oral and written complaints against her.  Now before the court is plaintiff's motion seeking reconsideration of the court's grant of summary judgment (dkt. #75), as well as a renewed motion for assistance in recruiting volunteer counsel should he be permitted to continue prosecuting this lawsuit (dkt. #77).[1]  For the reasons that follow, the court will deny plaintiff's motions.[2]

Disposition of a motion for reconsideration is entrusted to the district court's discretion.  *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270

---

[1] In addressing Shaw's motion for reconsideration, the court will also consider the documents Shaw filed in support of this motion (dkts. ##74, 76, 79), all of which the court will construe generously.

[2] Moreover, because Shaw also suggests that he is not aware that the court denied the motion for preliminary injunctive relief he filed in this case (dkt. #55), the court also points out that his motion was denied on July 28, 2015, because his claim for injunctive relief was unrelated to the claims involved in this lawsuit and because Metzen had no authority to grant Shaw the injunctive relief he sought.  (Op. & Order (dkt. #67) 3-4.)

(7th Cir. 1996).  In order to succeed on a motion for reconsideration, a party must "clearly establish a manifest error of law or fact or present newly discovered evidence." *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).  A party establishes a manifest error not by merely expressing his disappointment, but by showing that there was a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  Finally, Federal Rule of Procedure 59(e) "does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment."  *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999).

Shaw's motion for reconsideration falls well short under this standard of review. *First*, Shaw claims he was denied an adequate opportunity to respond to defendant's motion for summary judgment because Oshkosh Correctional Institution ("OSCI") forced him to destroy all documents associated with this case and thus lacked guidance in "how to proceed appropriately."  Shaw does not, however, offer any specifics as to how he was prevented from responding adequately to defendant's motion for summary judgment because of the destruction of documents.  Indeed, Shaw submitted a brief, evidence in support of his brief and proposed findings of fact in response to defendant's motion for summary judgment.  After considering these submissions, the court found that some of Metzen's alleged retaliatory acts occurred *before* she knew about Shaw's protected conduct and that he had presented no evidence to support a reasonable inference that his protected conduct was a motivating factor with respect to other acts, most of which were taken as a result of directions from her superiors.  (Op. & Order (dkt.

#72) 18.)    Moreover, the court added that even if Shaw had submitted evidence permitting this inference, Metzen's actions did not clearly violate his constitutional rights, entitling her to qualified immunity.  (*Id.* at 18 n.6.)

Thus, while it may be plausible that Shaw was disadvantaged to some degree after he was required to destroy some of his voluminous legal documents, not only has Shaw not identified any evidence or arguments that he was unable to present before the court issued its ruling, but his extensive participation in this lawsuit shows that he had more than a sufficient opportunity to respond to defendant's arguments.[3]

Even more telling, Shaw knew about this supposed handicap in his ability to respond, but made no mention of it in his response brief (dkt. #38), instead burying it in a single general reference in his lengthy reply in support of additional facts (dkt. #52:18, last ¶ 16).  As importantly, Shaw has *still* failed to pinpoint any error of fact or law in the court's decision granting defendant's motion for summary judgment.

*Second*, and related, Shaw contends that the court erred in denying his motions for assistance in recruiting volunteer counsel, citing *Dewitt v. Corizon, Inc.*, 760 F.3d 654 (7th Cir. 2014), in which the Seventh Circuit reversed the district court's denial of a *pro se* prisoner's motion for assistance in recruiting counsel after finding that there was a reasonable likelihood that counsel would have avoided the outcome of summary judgment in favor of the defendant.  *Id.* at 659-60.  Unlike in *Dewitt*, where the plaintiff's

---

[3] To the extent Shaw bases his motion for reconsideration on a challenge to the decision forcing him to destroy his documents, the court can afford him no relief in this case.  Such a challenge presents a claim for relief separate from any of defendant Metzen's actions and is the subject of a different lawsuit currently before the court.  *See Shaw v. Wall, et al.*, No. 15-cv-511-wmc, slip op. (W.D. Wis. Oct. 13, 2015) (dkt. #7).

deliberate indifference claims presented "complicated medical matters" requiring "discovery into what constitutes reasonable care for medical professionals," Shaw's retaliation claims were both factually and legally uncomplicated. *Id*. at 658. He identifies no specific reason why having counsel would have changed the outcome of his case, and given that Metzen would have been entitled to qualified immunity even if there was evidence that Shaw's grievances motivated her conduct, the court cannot conceive of any reasons.

In the end, Shaw seeks reconsideration not based on any newly discovered evidence or manifest error of law, but rather based on his frustration with the disposition of his case. Ultimately, Shaw has presented no appropriate basis for the court to reconsider its decision granting summary judgment to defendant, and so his motion must be denied.

### ORDER

IT IS ORDERED that:

1)  Plaintiff Terrance J. Shaw's motion for reconsideration (dkt. #75) is DENIED.

2)  Plaintiff's renewed motion for assistance in recruiting volunteer counsel (dkt. #77) is DENIED as moot.

Entered this 15th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4